[614 NYS2d 141]

In the Matter of JOSEPH G. CAIRO, JR., an Attorney, Resignor.

Second Department, May 2, 1994

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset, for Grievance Committee for the Tenth Judicial District.

*Thomas J. Spellman, Jr.,* Smithtown, for resignor.

### OPINION OF THE COURT

Per Curiam.

Joseph G. Cairo, Jr. has submitted an affidavit dated April 8, 1994, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Cairo was admitted to the practice of law by the Appellate Division of the Supreme Court in the Second Judicial Department on April 21, 1971.

Mr. Cairo acknowledges that he is the subject of an investigation by the Grievance Committee for the Tenth Judicial District into allegations of his professional misconduct, two of which are detailed in his affidavit. Those matters involve Mr. Cairo's unauthorized diversion of $395,050 which had been entrusted to him as a fiduciary. The Grievance Committee's investigation has disclosed evidence of misappropriations from additional clients' trust funds.

Mr. Cairo acknowledges that he would be unable to defend himself against the charges of professional misconduct predicated upon the misconduct in question.

Mr. Cairo concedes that his resignation is submitted subject to any application which may be made by the Grievance Committee for the Tenth Judicial District for an order directing that he make restitution to any client, whether specifically mentioned in his affidavit of resignation or not, and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). Mr. Cairo acknowledges the continuing jurisdiction of the Court to make such an order.

Mr. Cairo indicates that he is tendering his resignation freely and voluntarily, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including the fact that he will be barred from seeking reinstatement as an attorney for a minimum of seven years.

Inasmuch as the proffered resignation conforms with the Court's rules, the resignation of Joseph G. Cairo, Jr. as an attorney and counselor-at-law is accepted and directed to be filed. Accordingly, Joseph G. Cairo, Jr. is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately, subject to any future applications by the Grievance Committee for the Tenth Judicial District for orders directing that he make restitution to any client and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a).

MANGANO, P. J., THOMPSON, SULLIVAN, ROSENBLATT and MILLER, JJ., concur.

Ordered that the resignation of Joseph G. Cairo, Jr. is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph G. Cairo, Jr. is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Joseph G. Cairo, Jr. shall comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph G. Cairo, Jr. is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.